UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JON BLACKSTONE,<br><br>                Plaintiff,<br><br>    v.<br><br>NANCY BERRYHILL, Acting Commissioner of Social Security Administration,<br><br>                Defendant. | CASE NO. C17-1010 RJB<br><br>ORDER REVERSING DECISION AND REMANDING CASE |

This matter comes before the Court on review of the file herein.

**Procedural History.** On July 5, 2017, Plaintiff filed this civil action, alleging that the Social Security Administration improperly denied his application for disability insurance when the ALJ failed to properly consider the opinion of Dennis Anderson, D.O., who is Plaintiff's treating physician. Dkt. 9.

**Basic Data.** Born in 1967, Plaintiff has prior work experience as an applications programmer, parts inspector, Boeing program planner, and a civil preparedness officer. Tr. 34-35. He has at least a high school education. Tr. 35.

**ALJ Decision**. The ALJ found: (1) that Plaintiff met the insured status requirements of the Social Security Act; (2) that Plaintiff had not engaged in substantial gainful activity since January 1, 2014, the amended alleged onset date; (3) that Plaintiff suffered from the following severe impairments: osteoarthritis of the hips, degenerative disc disease or degenerative joint disease of the lumbar spine, right shoulder reduction, dislocation, and tendinosis, obesity, affective disorder (major depressive disorder, dysthymic disorder), anxiety related disorder (anxiety, general anxiety disorder, and posttraumatic stress disorder ("PTSD")) and attention deficit disorder ("ADD"); that the impairments, even in combination, did not qualify under the Listings; (4) that the Plaintiff has the residual functional capacity:

> . . . to perform light work as defined in 20 CFR 404.1567(b) except as follows. He could occasionally balance, stoop, kneel, and crouch. He would not climb ladders, ropes, scaffolds, ramps, stairs or crawl. He could frequently reach bilaterally. He would avoid concentrated exposures to wetness, vibrations, and hazards. He could perform simple, routine tasks and could follow short, simple instructions. He could do work that needs little or no judgment and could perform simple duties that could be learned on the job in a short period. He requires a work environment with minimal supervisor contact. (Minimal contact does not preclude all contact, rather it means contact does not occur regularly. Minimal contact also does not preclude simple and superficial exchanges and it does not preclude being in proximity to the supervisor). He could work in proximity to co-workers but not in a cooperative or team effort. He requires a work environment that has no more than superficial interactions with co-workers. He would not deal with the general public as in a sales position or where the general public is frequently encountered as an essential element of the work process. Incidental contact of a superficial nature with the general public is not precluded.

that he has no past relevant work; and lastly, (5) that Plaintiff could perform other work existing in the national economy, such as a mail room clerk, marking clerk, and small parts assembler. Tr. 20-36. Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. *Id*.

**Legal Standard.** The findings of the Commissioner of the Social Security Administration are conclusive (42 U.S.C. § 405(g)), and the decision of the Commissioner to

1 deny benefits will be overturned only if it is not supported by substantial evidence or it is based
2 on legal error. *Gonzalez v. Sullivan,* 914 F.2d 1197, 1200 (9th Cir.1990).

**DISCUSSION**

Plaintiff asserts that the ALJ failed to properly consider his treating doctor's opinion regarding his limitations. Dkts. 9 and 11.

"The opinions of treating doctors should be given more weight than the opinions of doctors who do not treat the claimant. Where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for 'clear and convincing' reasons supported by substantial evidence in the record." *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007)(*internal citations and quotation marks omitted*). Where, as here, "the treating doctor's opinion is contradicted by another doctor, the ALJ may not reject this opinion without providing 'specific and legitimate reasons' supported by substantial evidence in the record." *Id.* "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.*

**The ALJ erred in rejecting the opinion of Plaintiff's treating physician**. The ALJ did not provide "specific, legitimate reasons that are supported by substantial evidence in the record" for failing to adopt all Plaintiff's treating physician's opinions regarding his limitations. *Nguyen v. Charter,* 100 F.3d 1462, 1466 (9th Cir. 1996).

The opinion at issue is contained in a form, entitled "Medical Source Statement of Ability to do Work-Related Activities (Physical)," filled out and signed by Dr. Anderson on November 17, 2014. Tr. 599-602.

This form indicated that Plaintiff was limited to sitting for 10 minutes at a time without interruption, standing for 15 minutes at a time without interruption, and walking for 10 minutes

at one time without interruption. Tr. 599. Dr. Anderson opined that Plaintiff could sit for one hour in an 8-hour work day, stand for two hours in an 8-hour work day, and walk for one hour in an 8-hour work day. *Id.* Dr. Anderson opined that, from the time Plaintiff gets out of bed, he needed to lie down for three hours of the next eight hours. Tr. 600. Dr. Anderson explained that Plaintiff related that "lying down can give some relief from his pain." *Id.* Dr. Anderson stated that his assessment is support by the following findings:

> MRI reveals osteophyteosis, mild to moderate foraminal stenosis, and some central canal narrowing. Sitting and standing/walking for longer periods can cause discomfort with these issues. (Note: Although he does get increased back pain after walking and standing for periods of time as noted above, he is attempting to walk up to 15-20 minutes a day as per his pt instructions to improve strength/endurances despite the pain it causes).

Tr. 599. Dr. Anderson also found that Plaintiff could only occasionally (up to 1/3 of and 8-hour day) reach, handle, finger, or feel in regard to his upper extremities. Tr. 600-601. Dr. Anderson opined that Plaintiff could only occasionally (up to 1/3 of and 8-hour day) lift up to 10 pounds, and could never lift over 10 pounds. Tr. 601. Dr. Anderson explained that "reaching puts stress on lower back, causing pain; lifting > 10 pounds [causes] aggravation of back pain; (see back condition description on M.R.I. as per previous pages)." *Id.* Dr. Anderson opined that Plaintiff could only occasionally (up to 1/3 of and 8-hour day) climb stairs and ramps, and balance, and that he could never climb ladders or scaffolds, stoop, kneel, crouch, or crawl. Tr. 601. In support of this portion of his assessment, Dr. Anderson states,

> [Plaintiff] notes aggravation of his pain with stooping, crouching, kneeling, crawling. His back condition/pain makes it unsafe to climb ladder[s] or scaffolding. As noted on previous pages, walking and standing for periods aggravates back pain and this relates to limitation of going up and down stairs and ramps, and with balancing. The pain can cause unsteadiness in situations where balancing may be precarious. My assessment of his pain is consistent with objective medical conditions/findings for this patient.

Tr. 602.

1    The ALJ did not accept several of the limitations contained in Dr. Anderson's form. For

2    example, the ALJ found that Plaintiff had "fewer restrictions" in "lifting, carrying, sitting,

3    standing, walking, reaching, handling, fingering, feeling, stooping, kneeling, crouching and

4    crawling than opined by Dr. Anderson." Tr. 32.

5       The ALJ stated that he gave "little weight" to Dr. Anderson's opinion because "prior to

6    the date he completed this November 2014 medical source statement, Dr. Anderson had met with

7    the [Plaintiff] only one time in July 2014 for the purpose of completing a disability application

8    form." Tr. 32. The ALJ further rejected Dr. Anderson's opinion because it was not supported by

9    objective clinical findings or Plaintiff's performance on physical examination. *Id.* The ALJ also

10   asserted that Dr. Anderson formed his opinion based on the Plaintiff's reported symptoms and

11   limitations, and "the reliability of the [Plaintiff's] subjective complaints is in question." *Id.*

12   These reasons are not supported by the record and fail to provide a basis to reject Dr. Anderson's

13   opinion regarding Plaintiff's limitations.

14       As to the first reason that ALJ gives, that Dr. Anderson saw Plaintiff only once before the

15   November 2014 form was filled out, the record indicates that was in error. Plaintiff saw Dr.

16   Anderson on October 31, 2013 (Tr. 883), March 4, 2014 (Tr. 857), June 23, 2014 (Tr. 819) and

17   July 22, 2014 (Tr. 809).

18       The ALJ's second basis for rejecting this opinion, that it wasn't supported by objective

19   clinical findings or Plaintiff's performance on physical examination, was also in error. In

20   support of his opinion, Dr. Anderson specifically referenced an MRI, which was taken on

21   September 5, 2013, and showed that Plaintiff had at L5-4, "moderate disc desiccation with disc

22   protrusion" and "moderate left foraminal stenosis and severe right foraminal stenosis." Tr. 555-

23   556. This MRI also revealed that Plaintiff had "severe disc desiccation with disc bulge with

24

bilateral moderate foraminal stenosis" at L5-S1. *Id*. The ALJ did not discuss these findings in relation to Dr. Anderson's opinions, much less provide a basis upon which to reject Dr. Anderson's opinion of Plaintiff's limitations as a result of the MRI. Further, the ALJ referenced only physical examination results from one visit with Dr. Anderson, not all the visits. An ALJ may not substitute his opinion for that of a treating physician. *Tackett v. Apfel*, 180 F.3d 1094, 1102 (9th Cir. 1999).

As to the ALJ's third reason, that Dr. Anderson's opinion was based on Plaintiff's subjective complaints assertions regarding his limitations, this reason is not supported by the record. Dr. Anderson specifically stated that he based his opinion on the MRI results and his objective findings for Plaintiff.

**Conclusion on Assessment of Medical Evidence**. The ALJ failed to properly assess the Dr. Anderson's opinion.

**Error Not Harmless**. The ALJ failed to properly assess the medical evidence, and as a consequence, it is unclear whether the assessment of Plaintiff's residual functional capacity and the questions to the vocational expert accurately reflected all Plaintiff's limitations. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1163-65 (9th Cir. 2001). Accordingly, the Commissioner failed to meet the burden of showing that there were other jobs in the national economy that Plaintiff could perform on a regular and sustained basis in light of his residual functional capacity. The Commissioner has failed to carry her burden at step five. The matter should be remanded to the Commissioner for reassessment of Dr. Anderson's opinion and further proceedings consistent with this opinion.

Accordingly, it is hereby **ORDERED** that:

- The Commissioner's decision is **REVERSED** and the case is **REMANDED** for reassessment of Dr. Anderson's opinion and further proceedings consistent with this opinion**.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 15th day of February, 2018.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge